Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
VANESSA CARPIO, on behalf of herself and others similarly situated

          *Plaintiff,*

ADVANCED CUSTOM INTERIORS INC. and
ANTHONY GONZALEZ

          *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**ECF Case**

Plaintiff VANESSA CARPIO, brings this Complaint against ADVANCED CUSTOM INTERIORS INC. and ANTHONY GONZALEZ, (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

## NATURE OF ACTION

1. This Complaint seeks to recover overtime compensation for Plaintiff.

2. Plaintiff is a former employee of Defendants who was employed as a clerk at Advanced Custom Interiors in Queens, New York.

3. As described herein, Individual Defendant Anthony González ("Individual Defendants") employed Plaintiffs' for the purposes of the instant claims.

4. Advanced Custom Interiors is a New York Corporation with its headquarters at 92-16 95th Avenue, Ozone Park, New York 11416.

5. Individual Defendant Anthony González operates and controls Defendant Corporations and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

6. At all relevant times, Plaintiff regularly work for Defendants in excess of 40 hours per week, without receiving appropriate overtime compensation for any of the hours that she worked.

7. At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

8. Plaintiff now brings this Action for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

9. In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 USC § 1367.

11. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, Plaintiff reside in this District and because a substantial part of the events that are the subject of the litigation transpired in this District.

## PARTIES

*Plaintiff*

14. Plaintiff Vanessa Carpio, ("Plaintiff Carpio") is an adult individual residing in Corona, NY. Plaintiff Carpio was employed by Defendants from on or about March 19, 2021, until March 8, 2022. At all relevant times to this complaint, Plaintiff Carpio was employed by Defendants as an office a clarat their business located at 92-16 95th Ave Queens, NY 11416.

*Defendants*

15. Individual Defendants have owned, operated and controlled Advanced Custom Interiors, Inc.; all times relevant to this complaint.

16. On information and belief, Advanced Custom Interiors, Inc. is a corporation organized and existing under the laws of the State of New York.

17. Upon information and belief both Advanced Custom Interiors, Inc., individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

18. On information and belief, the operations of Advanced Custom Interiors, Inc., individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on products that has been transported across state lines.

19. Defendant Anthony Gonzalez is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he is sued individually. Defendant Anthony Gonzalez has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Anthony Gonzalez has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## **COMMON FACTUAL ALLEGATIONS**
*Defendants Constitute Joint Employers*

20. Defendants operate a business where the Plaintiff worked. At all relevant times, Individual Defendant Anthony Gonzalez: possess or possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

21. Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. At relevant times, each Corporate Defendant possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

23. Corporate Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

24. In the alternative, Corporate Defendants constitute a single employer of Plaintiff and/or similarly situated individuals, as the corporate divisions between them are fictional.

25. At all relevant times, Individual Defendants were Plaintiffs' employers within the meaning of the FLSA, NYLL and other law.

26. Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

27. Individual Defendants supervised Plaintiffs' work schedules and conditions of her employment.

28. Individual Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

29. Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Vanessa Carpio*

30. Plaintiff CARPIO a former employee of Defendants, primarily employed in performing the duties of a clerk.

31. Plaintiff did not work at her own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at her pleasure, but rather was controlled by Defendants.

32. Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor. Plaintiff did not receive salary and these primary duties.

33. Plaintiff Carpio was employed by Defendants from approximately March 2021 until March 8, 2022.

34. Plaintiff Carpio regularly handled goods in interstate commerce, such as pens and paper that were produced outside of the State of New York.

35. Plaintiff Carpio work duties required neither discretion nor independent judgment.

36. Throughout her employment with Defendants, Plaintiff Carpio regularly worked in excess of 40 hours per week.

37. From approximately 2021 until her departure, Plaintiff Carpio worked approximately (50) fifty hours per week with no overtime pay.

38. Plaintiff Carpio work schedule was typically from 10 A.M until 6 P.M. Monday through Friday and Saturday from 10 A.M until 6:00 P.M.

39. Plaintiff had to register her hours on the application "WhatsApp".

40. Plaintiffs was paid at the straight rate of $16 per hour at straight time.

41. Defendants did not provide Plaintiff Carpio with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

42. Plaintiff Carpio quit because she could no longer take the abuse and mistreatment from her boss who is also the owner of the company. He was always making comments about Veronica's sexual orientation, which made her very uncomfortable.

43. Defendants never provided Plaintiff Carpio with a written notice of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

44. Defendants regularly require Plaintiff to work in excess of forty (40) hours per week without paying her the proper overtime wages or spread of hours compensation.

45. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain <u>accurate</u> and complete timesheets and payroll records.

46. By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

47. Defendants failed to post require wage and hour posters and did not provide Plaintiff with statutorily require wage and hour records or statements of her pay received, in part

so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

48. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (1) her full hours worked, (2) for overtime due

49. Defendants did not provide Plaintiff with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

Defendants failed to provide Plaintiff and other employees with <u>accurate</u> wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL §195(3).

50. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before March 2016 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
**(Violation of FLSA Overtime/Unlawful Deduction/Recordkeeping Provisions)**

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for her employment.

53. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

54. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

55. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

56. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

57. Defendants took unlawful deductions from Plaintiffs' earned wages and the FLSA Collective's earned wages.

58. Defendants, in violated of the FLSA, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

59. Defendants failed to satisfy the FLSA's recordkeeping requirements.

60. Defendants acted willfully in their violations of the FLSA's requirements.

61. Plaintiff (and the FLSA Collective) was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of the Overtime/Unpaid Wages/Unlawful Deductions/Wage Statement Provisions of NYLL/)**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

64. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

65. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

66. Defendants, in violation of the NYLL, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

67. Plaintiff were damaged in an amount to be determined at trial.

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

70. Plaintiff was damaged in an amount to be determined at trial.

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of her rate of pay, regular pay day, and such other information as require by NYLL §195(1).

73. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorney's fees.

74. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

75. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

76. Defendants acted willfully in their violation of the above-described NYLL requirements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

(b) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages.

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff.

(d) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits

taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL.

(g) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours

(h) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff.

(i) Awarding Plaintiffs damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

(n) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 27, 2023

                                                                       LINA STILLMAN, ESQ.
                                                                       ___/s/ *Lina Stillman*_____

By: STILLMAN LEGAL, P.C.